ELLIS, Judge.
This is a suit for money allegedly due plaintiff Billy L. Thompson by defendant William H. Knight for labor and materials furnished for construction of a barn on defendant’s property. After trial on the merits, judgment was rendered in favor of plaintiff for the full amount demanded. From that judgment, defendant has taken a suspensive appeal.
The defense is that the labor and materials furnished by plaintiff were substandard, and that the work was not done in accordance with proper building standards. In his reconventional demand in which he claims damages for having to correct the alleged inferior work done by plaintiff, defendant alleges that the walls were out of plumb, that the studs were improperly nailed, that the floor and ceiling were not level, that some of the walls had to be torn out and relocated, and that the building itself was not properly laid out.
On the trial of the case, the plaintiff testified that he had been contacted by Raleigh Taylor, who was foreman of defendant’s property, and asked to build a barn. He testified that he agreed to furnish labor only, and to give some supervision, but admitted that he had in fact purchased some materials which were used in the building. There were no plans nor specifications for the barn, and changes in plan were made from time to time as the work progressed. It is also apparent from the testimony that the basic structure of the barn itself was done in rather a rough manner.
The only complaints as to workmanship made by defendant relate to living quarters which were built in part of the barn. Virtually all of the work done in there, with the exception of the basic structure, was done by persons other than the plaintiff in this case. Richard Jaeger, who completed the work, testified that before he was able to install the paneling and ceiling tile it was necessary to tear out some wall studs, that he shim the ceiling joists, and that he generally plumb and level the walls. The man who installed the flooring testified that he had to put in a substantial amount of patching compound in order to level the concrete floor before he could install the floor tile.
In effect, plaintiff’s testimony is that he did what he was told to do by Raleigh Taylor. He testified that he was reimbursed for his expenses from time to time by the defendant, and that no complaint was ever made to him about his work until he was told by Taylor that someone else was being brought in from New Orleans to complete the work on the living quarters. He further testified that the work which he had done in connection with the living quarters was done in the expectation of one type of paneling being used for the interior finish, but that another type of paneling was used, which required a different type of workmanship. Plaintiff’s testimony was corroborated in all respects by that of Raleigh Taylor. One of the men who worked on the job for plaintiff, Tom Stewart, an experienced carpenter and contractor, testified that all of the work done by plaintiff was done properly.
The defendant himself testified that he was dissatisfied with the work done by plaintiff, that he had furnished plans and specifications, which he was unable to produce, and that he had not fired plaintiff but that plaintiff had just left the job.
The district judge who tried the case heard the testimony, and in addition visited the premises and saw the work which had been done. He was of the opinion that plaintiff had properly done the work he had been hired to do. He noted that the main *810 structure of the barn was built of rough timber, and that the framing difficulties which arose were as a result of this fact, and of the type of construction used in the main barn, which he found was not compatible with the finer work done in the construction of the living quarters. He pointed out that no question was raised as to the amount claimed by the plaintiff.
After reviewing the record in its entirety, we are unable to say that, in reaching the above conclusion, the judge was manifestly erroneous. Accordingly, the judgment appealed from is affirmed, at defendant’s cost.
Affirmed.